**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EAST BATON ROUGE PARISH SCHOOL BOARD** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-333-JJB-DLD** |
| **KELVIN WELLS** | |

**MAGISTRATE JUDGE'S REPORT**

This matter is before the court on a motion to remand filed by plaintiff East Baton Rouge Parish School Board (School Board)(rec. doc. 2), which is unopposed and has been referred to this court for a report and recommendation.

**Background**

The factual background of this removal and motion to remand involve events in several state court actions and federal court actions beginning with the May 7, 2010, suit filed by Kelda Price and Kelvin Wells on behalf of their minor children, Patrick, Bethany, and Aaron Price, against Donna Wallette, Jean Hartley, John Dilworth, and the East Baton Rouge Parish School Board, alleging various causes of action including discrimination and retaliation in violation of the Civil Rights Act of 1964, the Boy Scouts of America Equal Access Act, and the No Child Left Behind Act of 2001 (Civil Action No. 10-323-RET-DLD, rec. doc. 1). This action is entitled "*Patrick Price, et seq. v. Donna Wallette, et seq.,*" Civil Action No. 10-323-RET-DLD. The court has jurisdiction over Civil Action No. 10-323 based on federal question jurisdiction, 28 U.S.C. §1331. On July 30, 3010, the School Board filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Id., rec. doc. 8). On January 18,

2011, Kelvin Wells filed a "petition for temporary injunction, temporary restraining order issue" (Id., rec. doc. 14). The motion to dismiss and request for injunctive relief are currently pending in Civil Action 10-323 before the District Judge. Id.

On January 25, 2011, Kelvin Wells filed an "Expedited Request Petition for Injunction Temporary Restraining Order Issue" against Donna Wallette, the principal of Magnolia Woods Elementary School, in Suit No. 597165, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (CA 11-333, rec. doc. 2). On February 2, 2011, East Baton Rouge Parish School Board filed a petition for preliminary and permanent injunction against Kelvin Wells in the matter entitled "*East Baton Rouge Parish School Board v. Kelvin Wells*, Suit Number 598942, Section 22, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana" (Id., rec. docs. 1 and 2). The School Board's petition seeks to prohibit Wells "from coming within 1000 feel of Magnolia Woods without first obtaining approval and forbidding him from communicating in any manner with the principal, teachers or staff at said school for the duration of his children's enrollment and attendance at said school" based on La. R.S. 14:63.3, La. R.S. 14:329.5, and La. R.S. 14:328. Id.

The School Board represents that Wells requested that the hearing on his petition for injunctive relief in Suit No. 597165 be continued due to issues with service and that the two state court suits for injunctive relief (Suit No. 597165 and 598942) be consolidated. Id. Wells' motion to consolidate the state court injunction proceedings was denied on March 21, 2011. Id. Thereafter, the hearing on the School Board's request for injunctive relief in Suit Number 598942 was set for March 31, 2011, and on March 23, 2011, Kelvin Wells filed his notice of removal seeking to have Suit No. 598942 removed to this court. Id. Kelvin Wells' notice of removal/petition for removal seeks to remove state court Suit No. 598942

to this court based on the "predicate jurisdiction" established in the matter entitled "*Patrick Price, et seq., v. Donna Wallette, et seq.,*" Civil Action 10-323-RET-DLD and the 14th Amendment violations by the "Clerk and Judges Sections at State Court."[1] (Civil Action 11-333, rec. docs. 1 and 4). Although the notices of removal are difficult to decipher, it appears that Kelvin Wells seeks to establish removal jurisdiction based on the federal question subject matter jurisdiction established in Civil Action 10-323 and based on new claims that are not present in state court Suit No. 598942. With respect to the new claims, Wells alleges that the "Clerk and Judges Sections at State Court" discriminated against him and violated the Due Process and Equal Protection Clauses of the 14th Amendment by shelving his request for injunctive relief in Suit No. 597165 and refusing to consolidate the two pending state court suits for injunctive relief. Id.[2]

The School Board moves to remand this matter arguing that Wells fails to establish either federal question or diversity jurisdiction as a basis of removal (Civil Action 11-333, rec. doc. 2). The School Board argues that even if the notices of removal raise a federal question as a defense or a counterclaim in response to the injunctive relief sought by the School Board in the state court action, it does not support federal question jurisdiction. Id. Additionally, the School Board suggests that the notice of removal was used as a tactical

---

[1] Kelvin Wells originally attempted to remove state court Suit No. 598942 directly into Civil Action No. 10-323-RET-DLD entitled *"Patrick Price, et seq. v. Donna Wallette, et seq,"* which is before the court on federal question jurisdiction (CA 10-323, rec. doc. 18). Subsequently, a new civil action was created for Wells' notice of removal, which is Civil Action 11-333. On June 1, 2011, Wells was ordered to file an amended notice of removal with the correct caption, including proper case number and either pay the filing fee or file a motion to proceed in forma pauperis (Civil Action 11-333, rec. doc. 3). Wells filed an amended notice of removal and a motion to proceed in forma pauperis on June 22, 2011 (Id., 4 and 5).

[2] Kelvin Wells has filed a motion to consolidate Civil Action 10-323 with Civil Action 11-333, which is pending before the District Judge in Civil Action 10-323 (Civil Action 10-323, rec. doc. 21).

ploy to avoid the March 31, 2011, hearing on its petition for injunctive relief in state court and, therefore, it is entitled to reimbursement of its costs and attorney's fees associated with bringing the motion to remand. Id.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal bears the burden of demonstrating that diversity or federal question jurisdiction exists. See *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008).

The court first considers whether federal question jurisdiction exists. Kelvin Wells suggests that this court has federal question jurisdiction based on "predicate jurisdiction and because of 14th Amendment violations by the Clerk and Judges Sections at State Court," arising from their decision to shelve his request for injunctive relief in Suit No. 597165 and to deny his motion to consolidate the two state court injunction actions in which he is involved (rec. doc. 1). The court first notes that Wells cannot rely on the "predicate jurisdiction" or the federal question jurisdiction established in Civil Action 10-323 as the basis for subject matter jurisdiction for his removal in this action. As the removing party, Wells has the burden of establishing that subject matter jurisdiction exists in the removed action. A federal question exists for purposes of removal "if there appears on the face of

the complaint some substantial, disputed question of federal law." *In re Hot-Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007), citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). A review of the state court petition indicates that it seeks injunctive relief based on Louisiana state law. It does not contain any claims that would arise under federal law. Additionally, although the new allegations raised in the notices of removal may serve as a defense or counterclaim to the School Board's main demand, a defense or counterclaim to state claims based on federal law is insufficient to establish federal question jurisdiction. *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998). Thus, a review of Wells' notices of removal indicates that he has failed to establish that federal question jurisdiction exist over this matter.

The court next considers whether diversity jurisdiction exists. The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). The notices of removal contain no allegations supporting diversity jurisdiction. The court, however, conducts an independent review of the record to determine whether diversity jurisdiction exists. The state court petition indicates Wells is a citizen of Louisiana. Although it is well-settled that the State is not a citizen for purposes of diversity jurisdiction, courts have held that a Louisiana school board is "a citizen separate from the [S]tate itself for purposes of diversity jurisdiction." See *Terrebonne Parish School Bd. v. Mobil Oil Corp.* 1989 WL 140217 (E.D. La. 1989), citing *Morgan Dallas Corp. v. Orleans Parish School Bd.*, 302 F.Supp. 1208, 1209 (E.D.

La.1969); *Dep't of Highways of Louisiana v. Morse Bros. & Assoc., Inc.*, 211 F.2d 140 (5th Cir.1954); see also *Tradigrain, Inc. v. Mississippi State Port Auth.*, 701 F.2d 1131 (5th Cir. 1983). Thus, it appears that diversity of citizenship is lacking. Additionally, 28 U.S.C. §1441(b) provides that an action is not removable if a defendant is a citizen of the state in which the action was brought. *Crockett v. R. J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-532 (5th Cir. 2006); *Denman v. Snapper Division*, 131 F.3d 546 (5th Cir. 1998). Wells' removal is procedurally defective because he is a citizen of Louisiana.

The School Board has requested reimbursement for its costs, expenses, and attorney's fees incurred in preparing the motion to remand. The School Board argues that the notice of removal was filed without a legal basis and solely in an attempt to avoid the state court hearing on the School Board's petition for injunctive relief. Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See 28 U.S.C. §1447(c). According to the Supreme Court, "[t]he appropriate test for awarding fees under §1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 133, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The standard thus turns on the reasonableness of removal, and fees should be awarded if the removing defendant lacked objectively reasonable grounds to believe the removal was legally proper. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004). As a pro se litigant, it is unlikely that Wells has knowledge of all of the legal requirements that must be considered in removing an action to federal court. Moreover,

School Board's theory as to Wells' motive for filing the notice of removal does not prove that Wells lacked reasonable grounds to believe his removal was proper and does not support an award of attorney's fees.  Additionally, School Board failed to provide the court with any evidence to support its request for costs, expenses, and attorney's fees; therefore, its motion should be denied.

**IT IS RECOMMENDED** that the East Baton Rouge Parish School Board's motion for remand (rec. doc. 2) should **GRANTED IN PART AND DENIED IN PART**, in that its motion for remand should be **GRANTED** and this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and its request for attorney's fees and costs should be **DENIED.**

Signed in Baton Rouge, Louisiana, on June 30, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| EAST BATON ROUGE PARISH SCHOOL BOARD | CIVIL ACTION |
| VERSUS | NUMBER 10-333-JJB-DLD |
| KELVIN WELLS | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 30, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**